1

**DARVY MACK COHAN**    State Bar Number 056753
Attorney at Law

2

7855 Ivanhoe Avenue, Suite 400
La Jolla, California 92037

3

Telephone Number (858) 459-4432
Facsimile Number  (858) 454-3548

4

Email: dmc@cohanlaw.com

5

**WILLIAM J. BRAUN**    State Bar Number 157414
Braun & Malucci, LLP

6

7855 Ivanhoe Avenue, Suite 400
La Jolla, California 92037

7

Telephone Number (858) 456-9725
Facsimile Number  (858) 456-9726

8

Email: wbraun@braunmelucci.com

9

Attorneys  for Plaintiff GARY PACE

1 0

1 1

### UNITED STATES BANKRUPTCY COURT

1 2

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

1 3

In re:

)

**Bankruptcy No.**  6:16-bk-16004-WJ

1 4

)

**Adversary Proceeding No.**

Karin Margaret Thyssen,

)

1 5

)

)

CHAPTER 7

Debtor.

)

1 6

)

)

**COMPLAINT TO DETERMINE**

1 7

Gary W. Pace,

)

**DISCHARGEABILITY OF DEBT**

)

**AND TO EXCEPT DEBT OF**

Plaintiff

)

**DEFENDANT FROM**

1 8

)

**DISCHARGE**

v.

)

**[11 U.S.C. §523(a)(2)(A)]**

1 9

)

Karin Margaret Thyssen,

)

2 0

)

)

Defendant.

)

2 1

)

2 2

‾

2 3

Plaintiff GARY PACE (hereinafter "Plaintiff") alleges:

2 4

1.    The within action is brought pursuant to 11 U.S.C. Section 523(c) to determine the

2 5

dischargeability of a debt owing from Defendant to Plaintiff and to except such debt from

2 6

– – – – – – – – – – – – – – – – – – – – – – –

2 7

2 8

Defendant's discharge in the above-entitled bankruptcy proceedings now pending before this Court.

This action is a core proceeding subject to this Court's jurisdiction in accordance with 28 U.S.C.

Sections 157(b)(1) and 157(b)(2)(I).

2.    On or about July 5, 2016, Defendant KARIN MARGARET THYSSEN (hereinafter

"Defendant") , as debtor, filed a voluntary petition before this Court for relief under 11 U.S.C.

Chapter 7, commencing the above-entitled bankruptcy proceeding.

3.    Plaintiff is an individual residing in La Jolla, California, and owns a parcel of

residential property located at 1405 Inspiration Drive in La Jolla, California (hereinafter the

"Residence."), and is, and is so listed by Defendant as a creditor in these bankruptcy proceeding.

4.    On or about January 18, 2010, Plaintiff and Heating & Air Technology of California

(hereinafter "HATOC") entered into an *AIA Standard Agreement Between Owner and Contractor*

(the "Contract") calling for performance of electrical and mechanical work on Plaintiff's Residence.

The Contract required, *among other things,* that HATOC furnish and install a Clipsal Lighting

Control System and a solar electrical system.   Defendant was a principal of HATOC, acted as a

representative of HATOC, and controlled the distribution of funds received by HATOC from

Plaintiff.

5.    On or about November 7, 2011, the California Contractors' State License Board

revoked the California Contractors' License of HATOC due to "widespread and extremely serious"

misconduct on ten (10) other construction projects.

6.    On or about February 15, 2012, Defendant falsely represented to Plaintiff  that the

Clipsal Lighting Control System was a "special order" item and required prepayment by Plaintiff to

HATOC at the time that the order was placed.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

7.      The representation alleged in Paragraph 6 was false since the Clipsal Lighting Control System was not a special order item and did not need to be prepaid by Plaintiff at the time that the order was placed.

8.      At the time that Defendant made the representation alleged in Paragraph 6, Defendant knew that the representation was false since she knew that the Clipsal Lighting Control System was not a special order item and did not need to be prepaid by Plaintiff at the time that the order was placed.   Defendant made this false representations to Plaintiff with the intention of inducing Plaintiff to pre-pay funds to HATOC, then to distribute the funds to Defendant and other members of her family, without any intention of ordering the materials and equipment.

9.      At the time that the representation alleged in Paragraph 6 were made, Plaintiff was ignorant of the falsity of the representations since he reasonably believed Defendant that the Clipsal Lighting Control System was a special order item, needed to be prepaid at the time that the order was placed, and that Defendant would use the funds to purchase the  Clipsal Lighting Control System. Based upon this representation, Plaintiff did in fact advance funds to Defendant for the Clipsal Lighting Control System, and Defendant did divert said funds and did not use said funds to purchase the Clipsal Lighting Control System.

10.      On or about August 18, 2012, Defendant represented to Plaintiff that she and HATOC had all the equipment necessary to complete the electrical and mechanical work at the Residence, and that the equipment had been fully paid for by HATOC.

11.      The representation alleged in Paragraph 10 was false since neither HATOC nor Defendant had in their possession all of the equipment necessary to complete the electrical and mechanical work, and since a number of suppliers, including Mission Electric and Electrical Sales,

had not been paid even though Plaintiff had paid HATOC for the equipment.

12.    At the time that Defendant made the representations alleged in Paragraph 10, Defendant knew that they were false since she knew that neither HATOC nor Defendant had in their possession all of the equipment necessary to complete the electrical and mechanical work, and since a number of suppliers, including Mission Electric and Electrical Sales, had not been paid even though Plaintiff had paid HATOC for the equipment.  Defendant made these representations to Plaintiff with the intention of inducing Plaintiff to make additional payments to HATOC and Defendant for other materials and equipment instead of Plaintiff making payment directly to the supplier, and in order to conceal from Plaintioff that she had diverted funds received Plaintiff and not used them for their specified purpose.

13.    At the time that the representations alleged in Paragraph 10 were made, Plaintiff was ignorant of the falsity of the representations since he reasonably believed Defendant that she  had in her possession all of the equipment necessary to complete the electrical and mechanical work and that all of HATOC's suppliers had been paid.

14.    Based upon this representation, Plaintiff did in fact advance additional funds to Defendant for other materials and equipment instead of making payment directly to the supplier. Defendant did divert these additional payments and funds as well, and did not use said funds to purchase the intended other materials and equipment.

15.    On or about August 27, 2012, Defendant represented to Plaintiff that HATOC had ordered the solar electrical system for the Residence and that HATOC was entitled to the $15,780.00 New Solar Home Partnership (NSHP) rebate under the California Solar Initiative offered by Sempra Energy.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

16.     The representation alleged in Paragraph 15 was false since under the Contract, and under the applicable California Solar Initiative rules, Plaintiff, not HATOC, was entitled to NSHP rebate.

17.     At the time that Defendant made the representation alleged in Paragraph 15, Defendant knew that the representation was false since she knew that under the Contract, and under the applicable California Solar Initiative rules, Plaintiff was entitled to NSHP rebate.   Defendant made these representations with the intention of dissuading Plaintiff from making a demand upon HATOC to refund this NSHP rebate to Plaintiff.

18.     At the time that the representations alleged in Paragraph 15 were made, Plaintiff was ignorant of the falsity of the representations since he reasonably believed based upon the representations of Defendant that HATOC was entitled to the NSHP rebate.

19.     By August of 2012, HATOC had constructively abandoned all work at the Residence, and was not licensed by the California Contractors State License Board.   On or about August 27, 2012, Defendant demanded additional money from Plaintiff to complete the work, and on August 30, 2012, Plaintiff and Defendant met at the Residence for purposes of coming to terms by which HATOC and Defendant would finish the work.  During the August 30, 2015 on-site meeting, Defendant and her son, MANFRED HEINZ THYSSEN proposed that an alternate contractor, Alliance Energy & Mechanical ("Alliance"), complete HATOC's electrical and mechanical work, and represented that Alliance was properly licensed to perform the work.

20.     On or about August 30, 2012, Defendant falsely represented to Plaintiff that if he would pay the additional sum of $8,000 on the following day, and if he would pay the additional sum of $8,000 upon the completion of the work and final inspection, and if he would pay the additional

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

sum of $6,000 upon the commissioning and submission of as-built drawings, that Alliance would complete the remaining electrical and mechanical work.

21.  The representations alleged in Paragraph 20 were false since neither the owners of Alliance nor Defendant intended at the time that the representations were made to complete the electrical or mechanical work at the Residence.

22.    At the time that the representations alleged in Paragraph 20 were made, Defendant knew that the representations were false since she knew that Alliance was not a licensed contractor for electrical work, she knew that neither HATOC, Alliance, nor Defendant had the equipment and materials necessary to finish the work, and since she knew that neither she nor Alliance had any intention of completing the mechanical and electrical work at the Residence.   Defendant made these representations to Plaintiff with the intention of inducing him to make additional payments to Defendant and  HATOC, and with the intention of distributing these funds to herself and the owners of Alliance.

23.    At the time that the representations alleged in Paragraph 20 were made, Plaintiff was ignorant that the representations were false since he believed defendant that Alliance would finish the work and that HATOC, Alliance and/or Defendanat had the equipment and materials necessary to finish the work.

24.    Based upon these representations, Plaintiff made the additional payments to HATOC, and Defendant distributed these funds to herself and the owners of Alliance.   Neither Defendant, nor Alliance nor HATOC made any significant effort to complete the electrical and mechanical work remaining at the Residence.

25.    As a direct and proximate result of Defendant's fraudulent representations as alleged

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

in Paragraphs 6, 10, 15, and 20, Plaintiff was damaged by advancing additional funds to HATOC for

which it was not entitled, and by being forced to repurchase materials and equipment for which he

had already paid HATOC for the completion of the electrical and mechanical work at the Residence.

26.    On or about July 10, 2013, Plaintiff GARY PACE filed a Complaint against

Defendant KARIN THYSSEN, *among others,* in the Superior Court of the State of California, Case

No. MCC1300990 (hereinafter the "State Court Action") alleging, *among other things*, fraud under

his Tenth Cause of Action against Defendant KARIN THYSSEN.   This fraud Cause of Action

alleges that Defendant KARIN THYSSEN committed the frauds based upon the same facts alleged

hereinabove.

27.    Defendant actively defended, contested and litigated the matters alleged in the Tenth

Cause of Action of the State Court Action, including but not limited to extensive documentary

discovery and oral depositions, including the oral deposition of Defendant.

28.    On July 20, 2015,weeks in advance of trial in the State Court Action, Plaintiff and

Defendant reached an on-the-record settlement in open court of all claims, and Defendant admitted

that Plaintiff was entitled to judgment for fraud upon the Tenth Cause of Action of the State Court

Action against her.  On or about February 19, 2016, the Superior Court of the State of California

entered Judgement against Defendant KARIN THYSSEN on the Tenth Cause of Action for fraud in

the State Court Action in the amount of $120,000.00, and by reason thereof, Defendant is bound by

said Judgment for fraud, and is estopped to deny the allegations of fraud hereinabove set forth in this

Complaint.

24.    By reason of the acts of Defendant as herein above alleged, Defendant KARIN

THYSSEN had obtained money from Plaintiff by false pretenses, false representations, and actual

1  fraud, and the debt owing from Defendant to Plaintiff GARY PACE should therefor be excepted

2  from defendants' discharge pursuant to 11 U.S.C. Section 523(a)(2)(A).

3        WHEREFORE, plaintiff prays judgment against defendant as follows:

4        1.    For the principal sum of $120,000.00, and according to proof at time of trial;

5

6        2.    That plaintiff's claim and the judgment rendered herein be excepted from defendants'

7  discharge; and

8        3.    For costs of suit herein incurred and for such other and further relief as the Court

9  deems just and proper.

10 Dated: October 11, 2016              /s/ Darvy Mack Cohan
                                       DARVY MACK COHAN, ESQ
11                                     Attorney for Plaintiff GARY PACE

12
                                       7855 Ivanhoe Avenue, Suite 400
13                                     La Jolla, California 92037
                                       Telephone Number (858) 459-4432
14

15

16

17

18

19

20

21

22

23

24

25

26   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

27                                     Bankruptcy No.  6:16-bk-16004-WJ
                                       Complaint to Determine Dischargeability of Debt
28                              - 8 -